# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

|  |  |
|---|---|
| AMERICAN PATENTS LLC, | C.A. No. 4:22-CV-477-ALM |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| BROADCOM SINGAPORE PTE., LTD., BROADCOM INC., AND BROADCOM CORP., | |
| Defendants. | |

## BROADCOM INC. AND BROADCOM CORP.'S MOTION TO DISMISS FOR IMPROPER VENUE AND BROADCOM SINGAPORE PTE., LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## TABLE OF CONTENTS

I. .....INTRODUCTION ....................................................................................................... 1

II. ...FACTUAL BACKGROUND ....................................................................................... 1

   A.   Broadcom Inc. Has No Place of Business in the EDTX ......................................... 1

   B.   Broadcom Corp. Has No Place of Business in the EDTX ...................................... 2

   C.   Broadcom Singapore Has No Connection to the United States.............................. 2

   D.   American Patents' Jurisdictional and Venue Allegations Fail ............................. 2

III. ..LEGAL STANDARD ................................................................................................... 3

   A.   Venue in Patent Cases ......................................................................................... 3

   1. The Plaintiff Has the Burden of Showing Proper Venue ...................................... 3

   2. Venue for Domestic Corporate Defendants ......................................................... 3

   3. Venue for Foreign Defendants .............................................................................. 4

   4. Transferring to Cure Improper Venue .................................................................. 4

   B.   Personal Jurisdiction .......................................................................................... 4

   1. General Jurisdiction .............................................................................................. 5

   2. Specific Jurisdiction ............................................................................................. 5

IV. ..THE CASE SHOULD BE DISMISSED ...................................................................... 6

   A.   Venue is Improper as to Broadcom Inc. and Broadcom Corp. .......................... 6

   1. Venue is Improper Under 28 U.S.C. § 1400(b) .................................................... 6

   2. CA's Plano Facility is Not Defendants' Place of Business .................................. 7

   B.   The Court Lacks Personal Jurisdiction Over Broadcom Singapore .................. 10

   1. Broadcom Singapore is Not Subject to General Jurisdiction in the EDTX .................. 10

   2. Broadcom Singapore is Not Subject to Specific Jurisdiction in the EDTX .................. 11

      a.   Broadcom Singapore Has Not Purposefully Directed Activities at Texas .............. 11

      b.   Broadcom Inc.'s, Broadcom Corp.'s, and CA's Actions in the United States and Texas Cannot Be Imputed to Broadcom Singapore........................................................... 13

      c.   It Would Offend Traditional Notions of Fair Play and Substantial Justice to Subject Broadcom Singapore to Personal Jurisdiction in Texas .................................................. 13

      d.   Federal Rule of Civil Procedure 4(k)(2) Does Not Establish Jurisdiction Over Broadcom Singapore........................................................................................................ 15

V. ...CONCLUSION .......................................................................................................... 15

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp*.,
    689, 1358, 1360 (Fed. Cir. 2012) ............................................................................................4

*Akurate Dynamics, LLC v. Carlisle Luid Tech., Inc.*,
    No. 6:20-cv-00606-ADA, 2021 WL 860006 (W.D. Tex. Mar. 8, 2021) ................................10

*Andra Group, LP v. Victoria's Secret Stores*,
    LLC, 6 F.4th 1283 (Fed. Cir. 2021) ....................................................................................7, 8

*AptusTech LLC v. Trimfoot Co*.,
    LLC, No. 4:19-CV-00133-ALM, 2020 WL 1190070 (E.D. Tex. Mar. 12,
    2020) ........................................................................................................................................3

*Asahi Metal Indus. Co. v. Super. Ct. of Cal*.,
    480 U.S. 102 (1987) ....................................................................................6, 13, 14, 15, 16

*B/E Aerospace, Inc. v. Zodiac Aerospace*,
    No. 2:16-cv-01417-JRG-RSP, 2018 WL 7140299 (E.D. Tex. Nov. 30, 2018) .......................8

*Bd. of Regents v. Medtronic PLC*,
    No. A-17-CV-0942-LY, 2018 WL 4179080 (W.D. Tex. July 19, 2018) .................................8

*Black v. Acme Mkts., Inc.*,
    564 F.2d 681 (5th Cir. 1977) ............................................................................................5, 9

*Bristol-Meyers Squibb Co. v. Superior Court*,
    137 S. Ct. 1773 (2017) ..........................................................................................................5

*In re Cray Inc*.,
    871 F.3d 1355 (Fed. Cir. 2017) .....................................................................................4, 5, 7

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ...................................................................................................6, 11, 12

*Davlyn Mfg. Co. v. H&M Auto Parts, Inc*.,
    414 F. Supp. 2d 523 (E.D. Pa. 2005) ...................................................................................14

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
    No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018) ..........................9

*Fellowship Filtering Technologies, LLC v. Alibaba.com, Inc.*,
    Case No. 2:15-cv-2049-JRG, Dkt. No. 53 (E.D. Tex. Sept. 1, 2016) ......................................9

ii

*Freescale Semiconductor, Inc. v. Amtran Tech. Co.*,
　　No. A-12-CV-644-LY, 2014 WL 1603665 (W.D. Tex. Mar. 19, 2014) ..................6, 9, 13, 14

*Hargrave v. Fibreboard Corp.*,
　　710 F.2d 1154 (5th Cir. 1983) ...............................................................................8

*In re Hoffmann-La Roche Inc.*,
　　587 F.3d 1333 (Fed. Cir. 2009)..............................................................................17

*In re HTC Corp.*,
　　889 F.3d 1349 (Fed. Cir. 2018)................................................................................4

*In re Samsung Elecs. Co.*, Ltd., 2 F.4th at 1378 .............................................................16

*Inamed Corp. v. Kuzmak*,
　　249 F.3d 1356 (Fed. Cir. 2001)................................................................................5

*Int'l Shoe Co. v. Washington*,
　　326 U.S. 310 (1945).................................................................................................5

*Koss Corp. v. Skullcandy, Inc.*,
　　No. 6:20-cv-00664-ADA, 2021 WL 1226775 (W.D. Tex. Mar. 31, 2021)............................10

*Monkton Ins. Services, Ltd. v. Ritter*,
　　768 F.3d 429 (5th Cir. 2014) ...................................................................................6

*National Steel Car Ltd. v. Greenbrier Cos., Inc.*,
　　No. 6:19-cv-00721-ADA, 2020 WL 4289388 .......................................................10

*Optic153 LLC v. ThorLabs, Inc.*,
　　No. 6:19-cv-0067-ADA, 2020 WL 3403076 (W.D. Tex. Jun. 19, 2020)...............................10

*Parallel Network Licensing LLC v. Arrow Elecs., Inc.*,
　　No. 4:21-CV-00714, 2022 WL 1597364 (E.D. Tex. May 19, 2022) ................................4, 10

*Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*,
　　603 F.3d 1364 (Fed. Cir. 2010)...............................................................................15

*Soverain IP, LLC v. AT&T, Inc.*,
　　No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158 (E.D. Tex. Oct. 31, 2017).....................9

*TC Heartland LLC v. Kraft Food Grp. Brands LLC*,
　　137 S. Ct. 1514 (2017)............................................................................................3

*Uniloc USA, Inc. v. Nutanix, Inc.*,
　　No. 2:17-CV-00174-JRG, 2017 WL 11527109 (E.D. Tex. Dec. 6, 2017) ...........................10

*Valley Dynamo L.P. v. Warehouse of Vending & Games*,
　　168 F.Supp. 2d 616 (N.D. Tex. 2001) .....................................................................4

*In re Volkswagen Grp. of Am., Inc.*,
    28 F.4th 1203 (Fed. Cir. 2022) ........................................................................8

*Walden v. Fiore*,
    571 U.S. 277 (2014) ........................................................................................6

*Xilinx, Inc. v. Papst Licensing GmhH & Co., KG*,
    848 F.3d 1346 (Fed. Cir. 2017)........................................................................5

**Statutes**

28 U.S.C. § 1391(c) ...............................................................................................4

28 U.S.C. § 1400(b) .........................................................................................3, 4, 7

28 U.S.C. § 1406(a) ...........................................................................................4, 10

**Other Authorities**

Fed. R. Civ. P. 4(k)(2) ..........................................................................................17

Fed. R. Civ. P. 4(k)(2)(B) ....................................................................................17

Fed. R. Civ. P. 12(b)(2).........................................................................................1

Fed. R. Civ. P. 12(b)(3).........................................................................................1

Local Rule CV-5(a) .............................................................................................19

Local Rule CV-5(b)(1)..........................................................................................19

## I.  INTRODUCTION

American Patents LLC ("American Patents") filed suit against Defendants having no meaningful connection to this forum.  The Complaint's incorrect venue and jurisdictional allegations are controverted by this motion and, as such, are not entitled to a presumption of truth.  Dismissal is warranted for two reasons.

*First*, the case should be dismissed under Fed. R. Civ. P. 12(b)(3) for improper venue as to Broadcom Inc. and Broadcom Corp., which are respectively incorporated in Delaware and California.  Both are headquartered in San Jose; neither has a regular and established place of business in the Eastern District of Texas ("EDTX").   American Patents speculates that "Broadcom" has a place of business at Plano—but that facility is leased by a separate corporation, CA, Inc. ("CA").  CA's facility has no relevance; it is no basis for venue or jurisdiction.

*Second*, the case should be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of jurisdiction as to Broadcom Singapore Pte. Ltd. ("Broadcom Singapore"), a foreign investment holding entity having *zero* connection to the alleged activities giving rise to American Patents' infringement claims, much less to the United States.

## II.  FACTUAL BACKGROUND

### A.  Broadcom Inc. Has No Place of Business in the EDTX

As American Patents admits, Broadcom Inc. is incorporated in Delaware.  Cmplt. ¶ 3.  Its principal place of business is in San Jose.  Declaration of Ryan D. Phillips ("Phillips Decl.").  Broadcom Inc. does not own any real estate in the EDTX, possess or control any physical place in the EDTX, or own or control shelf space in the EDTX.  *Id.*  Broadcom Inc., Broadcom Corp., and Broadcom Singapore are separate entities, and each of them respects the corporate form.  *Id.*

### B.        Broadcom Corp. Has No Place of Business in the EDTX

American Patents also admits that Broadcom Corp. is incorporated in California.  Cmplt.
¶ 4.  Its principal place of business is also in San Jose.  Phillips Decl.  Broadcom Corp. does not
own any real estate in the EDTX, possess or control any physical place in the EDTX, or own or
control shelf space in the EDTX.  *Id.*

### C.        Broadcom Singapore Has No Connection to the United States

As American Patents admits, Broadcom Singapore is incorporated in Singapore.  Cmplt.
¶ 2.  As an investment holding company, it did not design, manufacture, sell, or import the
Accused Products in the United States or Texas.  Phillips Decl.  Moreover, it does not own any
real estate in the United States or Texas, possess or control any physical place in the United
States or Texas, own or control shelf space in the United States or Texas, have any employees in
United States or Texas, and it does not conduct business of any kind in the United States or
Texas.  *Id.*  And it does not ship products to Texas or conduct any marketing or advertising in, or
directed toward, Texas.  *Id.*

### D.        American Patents' Jurisdictional and Venue Allegations Fail

American Patents indiscriminately lumps all three Defendants together as "Broadcom."
Cmplt. ¶¶ 6-10; *see also id.* at ¶¶ 70-98 (conclusory allegations regarding "Broadcom's" alleged
activities).  However, Broadcom Inc., Broadcom Corp., and Broadcom Singapore are separate
corporations.  And to the extent that American Patents' fictitious "Broadcom" entity includes
Broadcom Singapore, Broadcom Singapore has no connection to the United States, or any
activity alleged to give rise to this patent case.  *See* Phillips Decl.

American Patents also alleges that "Broadcom Inc. and Broadcom Corp." have a place of
business in Plano, Texas.  Cmplt. ¶ 14.  Not so.  As the Lease Agreement shows, the Plano

facility is leased by CA.  Ex. 1.  CA was an unrelated company until it was acquired by Broadcom Inc. in 2018.  CA designs *infrastructure software*, not Wi-Fi chips.

## III.   LEGAL STANDARD

### A.     Venue in Patent Cases

#### 1.     The Plaintiff Has the Burden of Showing Proper Venue

As Plaintiff, American Patents "bears the burden of establishing proper venue." *AptusTech LLC v. Trimfoot Co*., LLC, No. 4:19-CV-00133-ALM, 2020 WL 1190070, at *1 (E.D. Tex. Mar. 12, 2020) (quoting *In re ZTE (USA), Inc*., 890 F.3d 1008, 1013 (Fed. Cir. 2018)).

#### 2.     Venue for Domestic Corporate Defendants

For a domestic corporate defendant (like Broadcom Inc. and Broadcom Corp. here), 28 U.S.C. § 1400(b) is the "sole and exclusive" provision controlling venue.  *TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017).  Thereunder, a plaintiff may establish venue in a district where a corporate defendant "resides" (i.e., is incorporated) or "where the defendant has committed acts of infringement and has a regular and established place of business."  *Id*.  To find that the defendant has a regular and established place of business, "(1) there must be a *physical* place in the district; (2) it must be *a regular and established place* of business; and (3) it must be the *place of the defendant*."  *In re Cray Inc*., 871 F.3d 1355, 1360 (Fed. Cir. 2017) (emphasis added).  If any of these three requirements are found lacking "venue is improper under § 1400(b)."  *Id*.[1]

---

[1] As to the third requirement ("regular and established place of business"), "[r]elevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place."  *Id*. at 1363. Moreover, "the mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient."  *Id*. at 1364.

### 3.    Venue for Foreign Defendants

A "defendant not resident in the United States" (like Broadcom Singapore here) may be sued "in any judicial district" having personal jurisdiction.  28 U.S.C. § 1391(c); *see In re HTC Corp.*, 889 F.3d 1349, 1357 (Fed. Cir. 2018).

### 4.    Transferring to Cure Improper Venue

Courts have discretion to "cure" a venue defect by transferring a case to a district where the case could have been filed.  28 U.S.C. § 1406(a); *Parallel Network Licensing LLC v. Arrow Elecs., Inc.*, No. 4:21-CV-00714, 2022 WL 1597364, at *6 (E.D. Tex. May 19, 2022) (transferring to NDCA).

## B.    Personal Jurisdiction

As Plaintiff, American Patents has the burden of establishing that this Court has personal jurisdiction, and it must set out a *prima facie* case thereof.  *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689, 1358, 1360 (Fed. Cir. 2012).  "Allegations of plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits."  *Valley Dynamo L.P. v. Warehouse of Vending & Games*, 168 F.Supp. 2d 616, 619 (N.D. Tex. 2001); *Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977).

"Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process."  *Xilinx, Inc. v. Papst Licensing GmhH & Co., KG*, 848 F.3d 1346, 1352-53 (Fed. Cir. 2017).[2]  Where, as here, the long-arm statute of Texas extends to the limits of federal due process, determining whether jurisdiction exists over an out-of-state defendant reduces to the issue of "whether jurisdiction comports with due

---

[2] Federal Circuit law applies to jurisdictional questions in patent cases.  *Id.*

process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).  The due process

analysis focuses on the number and nature of a defendant's contacts with the forum to determine

if the defendant has sufficient "minimum contacts" such "that the maintenance of the suit does

not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*,

326 U.S. 310, 326 (1945).

### 1.    General Jurisdiction

General jurisdiction is "all-purpose jurisdiction"; it allows a court to hear any claim

against a defendant even if all the incidents underlying the claim occurred out of state.  *Bristol-*

*Meyers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017).  But only a very limited

set of circumstances will render a defendant amenable to general jurisdiction. *Id*. Indeed, it is

"incredibly difficult to establish general jurisdiction in a forum other than the place of

incorporation or principal place of business" of a defendant.  *Monkton Ins. Services, Ltd. v.*

*Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

### 2.    Specific Jurisdiction

In contrast, specific jurisdiction must be "case-linked", *i.e*., the suit must arise out of or

relate to the defendant's forum contacts.  *Daimler AG v. Bauman*, 571 U.S. 117, 136-139 (2014);

*Asahi Metal Indus. Co. v. Super. Ct. of Cal*., 480 U.S. 102, 112-13 (1987).  Specific jurisdiction

is "confined to adjudication of issues deriving from, or connected with, the very controversy that

establishes jurisdiction." *Daimler*, 571 U.S. at 136-39 (quoting *Goodyear Dunlop Tires*

*Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)).  The controversy "must arise out of

contacts that the 'defendant [itself]' creates with the forum."  *Walden v. Fiore*, 571 U.S. 277, 277

(2014).  And the required minimum contacts "must be analyzed with regard to the defendant's

contacts with the forum itself, not with persons residing there." *Id*.  A three-prong test applies:

(1) "whether the defendant purposefully directed activities at residents of the forum"; (2)

"whether the claim arises out of or relates to those activities"; and (3) "whether assertion of personal jurisdiction is reasonable and fair." *Freescale Semiconductor, Inc. v. Amtran Tech. Co.*, No. A-12-CV-644-LY, 2014 WL 1603665, at *4 (W.D. Tex. Mar. 19, 2014) (citing *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010)).  "The plaintiff has the burden of proving parts one and two of the test; the burden then shifts to the defendant to prove that personal jurisdiction is unreasonable." *Id.* (citing *Grober v. Mako Prods.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012)).

## IV.    THE CASE SHOULD BE DISMISSED

First, venue is improper as to Broadcom Inc. and Broadcom Corp., because neither of them are incorporated in Texas or have a regular and established place of business in the EDTX. Second, the EDTX does not have personal jurisdiction over Broadcom Singapore, which is a foreign investment holding company that has no operations in the United States, and no connection to the allegedly infringing conduct giving rise to American Patents' claims.[3]

### A.    Venue is Improper as to Broadcom Inc. and Broadcom Corp.

#### 1.    Venue is Improper Under 28 U.S.C. § 1400(b)

Broadcom Inc. is a Delaware corporation and Broadcom Corp. is a California corporation, (*i.e.*, neither "resides" in Texas).  Section II, *supra*.  Further, as the Phillips Declaration shows, neither of these has a regular and established place of business in the EDTX. Accordingly, neither prong of 28 U.S.C. §1400(b) is satisfied, and venue is improper.  *In re Cray Inc.*, 871 F.3d at 1360.

---

[3] Because the Court lacks personal jurisdiction over Broadcom Singapore, venue is also improper as to Broadcom Singapore.

### 2.     CA's Plano Facility is Not Defendants' Place of Business

To the extent that American Patents is pursing some sort of "alter ego" theory to impute CA's Plano place of business to Defendants, American Patents is misguided.  Defendants are separate entities.  As here, where "related companies have maintained corporate separateness, the place of business of one corporation is not imputed to the other for venue purposes."  *Andra Group, LP v. Victoria's Secret Stores*, LLC, 6 F.4th 1283, 1289 (Fed. Cir. 2021) (finding defendants had not "ratified" stores of a subsidiary by, *inter alia*, listing stores on the main Victoria's Secret website, "work[ing] together in some aspects" with the subsidiary, and allowing "shared use of 'Victoria's Secret' in their name," *id*. at 1290); *In re Volkswagen Grp. of Am., Inc*., 28 F.4th 1203, 1211 (Fed. Cir. 2022) (on mandamus, finding place of business of car dealerships in EDTX could not be imputed to their distributors).  Similarly, the Fifth Circuit "demand[s] proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes."  *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983).  For example, even "100% stock ownership and commonality of officers and directors are not alone sufficient to establish an alter ego relationship between two corporations."  *Id*

American Patents alleges that Defendants are related corporations and share a common website.  *See* Cmplt. at *e.g*., ¶¶ 2-7.  But that allegation is insufficient to establish venue.  As a matter of law, such commonplace facts are insufficient to pierce the corporate veil or to impute the facility of CA to any Defendant.  *Andra Group* 6 F.4th at 1289; *In re Volkswagen Grp. of Am., Inc*., 28 F.4th at 1211; *Hargrave*, 710 F.2d at 1160.[4]

---

[4] *See also B/E Aerospace, Inc. v. Zodiac Aerospace*, No. 2:16-cv-01417-JRG-RSP, 2018 WL 7140299, at *4 (E.D. Tex. Nov. 30, 2018) ("There is … no authority standing for the proposition that a consolidated website would allow a court to

7

The Complaint also puts forward conclusory allegations that Defendants are essentially the same company and that one or more allegedly can control the activities of the others.  Cmplt. ¶¶ 6-10; *see also id.* at ¶¶ 70-98 (conclusory allegations regarding "Broadcom's" alleged activities).  For sound reasons, "such conclusory statements, without more, do not counsel in favor of disregarding the corporate form."  *Fellowship Filtering Technologies, LLC v. Alibaba.com, Inc.*, Case No. 2:15-cv-2049-JRG, Dkt. No. 53 at 9 (E.D. Tex. Sept. 1, 2016).  *See EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018) ("[T]o impute the presence of one based on the presence of the other, the entities must lack formal corporate separateness, which is a difficult standard to meet; that standard[] would not be met even if a parent corporation controls a subsidiary's operations and the companies share a unitary business purpose.") (C.J. Bryson sitting by designation, internal quotation omitted).[5]

Moreover, American Patents' conclusory allegations that Defendants somehow control or direct each other are directly contradicted by the Phillips Declaration, as discussed above.  The Court is therefore not required to—and indeed, should not—accept American Patents'

---

impute contacts of a subsidiary to a corporate parent …."), *report and recommendation adopted*, 2019 WL 354883 (E.D. Tex. Jan. 28, 2019); *Bd. of Regents v. Medtronic PLC*, No. A-17-CV-0942-LY, 2018 WL 4179080, at *2 (W.D. Tex. July 19, 2018) (finding the subsidiary's use of parent's name on building and in press releases announcing the business to be conducted in the district insufficient to support a finding of venue or that parent ratified subsidiary's building as its own).

[5] *See also Freescale Semiconductor, Inc.*, 2014 WL 1603665, at *4 (dismissing where "the record does not conclusively demonstrate an *alter ego* relationship"); *Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017), *report and recommendation adopted*, No. 2:17-CV-00293-RWS, 2017 WL 6452802 (E.D. Tex. Dec. 18, 2017) ("[T]he subsidiary's presence in a venue cannot be imputed to the parent absent disregard for corporate separateness.").

controverted allegations at face value.  *Black* 564 F.2d at 683 n.3 ("In ruling on a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint, *except insofar as controverted by defendant's affidavit,* must be taken as true") (emphasis added).  Accordingly, CA's Plano facility should not be imputed to the Defendants in an effort to establish venue where no such venue exists.

Because the EDTX is an improper venue, the Court can simply dismiss the case.  *See Uniloc USA, Inc. v. Nutanix, Inc*., No. 2:17-CV-00174-JRG, 2017 WL 11527109, at \*4-\*5 (E.D. Tex. Dec. 6, 2017) (dismissing).[6]  But American Patents has an alternative forum for obtaining relief against both Broadcom Inc. and Broadcom Corp.—both have their principal place of business in San Jose, and thus the NDCA is a proper venue for this case.  So, if the Court is not inclined to dismiss the case, the Court can transfer it to the NDCA to the extent American Patents shows that transfer rather than outright dismissal would further "the interest of justice" under 28 U.S.C. § 1406(a).  *See Parallel Network Licensing LLC*, 2022 WL 1597364, at \*6 (transferring to NDCA); *National Steel Car Ltd. v. Greenbrier Cos., Inc*., No. 6:19-cv-00721-ADA,, 2020 WL 4289388, at \*6 (transferring).[7]

---

[6] *See also Koss Corp. v. Skullcandy, Inc.*, No. 6:20-cv-00664-ADA, 2021 WL 1226775, at \*2-\*4 (W.D. Tex. Mar. 31, 2021) (dismissing); *Akurate Dynamics, LLC v. Carlisle Luid Tech., Inc.*, No. 6:20-cv-00606-ADA, 2021 WL 860006, at \*2 (W.D. Tex. Mar. 8, 2021) (same); *Optic153 LLC v. ThorLabs, Inc.*, No. 6:19-cv-0067-ADA, 2020 WL 3403076, at \*\*3-4 (W.D. Tex. Jun. 19, 2020) (same).

[7] If this Court has jurisdiction over Broadcom Singapore then so does the NDCA.

**B.      The Court Lacks Personal Jurisdiction Over Broadcom Singapore**

This Court does not have general or specific personal jurisdiction over Broadcom Singapore, a foreign holding company that has no presence in the United States and did not design, manufacture, sell, or import the Accused Products.[8]

**1.      Broadcom Singapore is Not Subject to General Jurisdiction in the EDTX**

This Court does not have general jurisdiction over Broadcom Singapore, as it is not "at home" in Texas.  The "paradigm bases for general jurisdiction" where a corporation is "at home" are "the place of incorporation and principal place of business." *Daimler*, 571 U.S. at 137 (citation and quotation marks omitted). Broadcom Singapore is neither incorporated in Texas nor has any place of business in Texas, much less its principal place of business in Texas.

American Patents concedes that Broadcom Singapore is a Singapore corporation.  Cmplt. at ¶ 2.  The Complaint thus provides no facts to establish general jurisdiction over Broadcom Singapore, and simply recites conclusory allegations that "Broadcom," *as some composite entity that does not exist*, has contacts in the state.  Cmplt. at ¶¶ 1-16, 69-99.  Nor can American Patents allege facts to establish general jurisdiction, because they do not exist.  Broadcom Singapore has no contacts with Texas.  *See* Phillips Decl.  It is a Singapore company; it is not "at home" in Texas, and thus it is not subject to general jurisdiction in Texas.

American Patents speculates that "Broadcom" has contacts in Texas because it acts "as a unitary business venture" such that each Defendant (and other, unnamed Broadcom entities) each allegedly controls or otherwise directs the sale and shipment of accused products into Texas. Cmplt. at ¶¶ 1-16, 69-99.  These conclusory allegations are directly contradicted by the Phillips

---

[8] As mentioned previously, because the Court lacks personal jurisdiction over Broadcom Singapore, venue is also improper as to Broadcom Singapore.

Declaration.  And even if true (which they are not), they would be insufficient to establish general jurisdiction over either Defendant. In *Daimler*, the Supreme Court reversed the Ninth Circuit's finding that there was general jurisdiction over a foreign defendant that indirectly engaged in a "substantial, continuous, and systematic course of business" in the state. *Daimler*, 571 U.S. at 138-139.  The Court found that the question was "not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic," but "whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Id.* (internal quotation marks omitted).  Thus, none of American Patents' allegations, even if true (and none are entitled to a presumption of truth because they are controverted by declarations), would render Broadcom Singapore "at home" in Texas.  Similarly, as shown above, there is no basis to impute CA's place of business in Plano to Broadcom Singapore, and no Defendant is the "alter ego" of any other Defendant. Section IV.A.2, *supra*.

Therefore, for all these reasons, there is no general jurisdiction.

### 2.  Broadcom Singapore is Not Subject to Specific Jurisdiction in the EDTX

#### a.  Broadcom Singapore Has Not Purposefully Directed Activities at Texas

The Court likewise does not have specific jurisdiction over Broadcom Singapore.  To establish specific jurisdiction, American Patents needs to show that Broadcom Singapore (1) "purposefully directed activities at residents of the forum"; (2) American Patents' "claim arises out of or relates to those activities"; and (3) the "assertion of personal jurisdiction is reasonable and fair." *Freescale Semiconductor, Inc.*, 2014 WL 1603665, at *4 (W.D. Tex. Mar. 19, 2014) (citing *Nuance Commc'ns, Inc.*, 626 F.3d at 1231).  American Patents comes up short, as the Complaint merely recites conclusory allegations contradicted by Defendants' declarants.

American Patents has not shown Broadcom Singapore has "purposefully directed" its activities at residents of Texas.  Specifically, American Patents fails to allege any specific acts that Broadcom Singapore has committed in the State of Texas to warrant jurisdiction.  It generally alleges that each Defendant—allegedly as part of a fictitious "Broadcom" collective—plays some part in placing the accused products in the stream of commerce in Texas and that they somehow direct or control the making, sale, and distribution of the accused products in the United States through others, but American Patents fails to allege specific facts to support its allegations. Cmplt. at ¶¶ 1-16.  These conclusory allegations do not establish purposeful direction or availment with regard to Texas.  *Asahi*, 480 U.S. at 112 ("The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State…a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.").[9]  Thus, American Patent has not alleged facts sufficient to show that Broadcom Singapore purposefully directed its activities at residents of Texas.

Nor can American Patents offer any facts to support its allegations.  As noted above, Broadcom Singapore does not design, manufacture, sell, or offer to sell any Accused Products in Texas.  Phillips Decl.  And it does not ship products to Texas or conduct any marketing or

---

[9] *See Freescale Semiconductor, Inc.*, 2014 WL 1603665, at *1 ("A rational belief that a component or product will eventually end up in a particular state—even if that belief amounts to a substantial certainty—does not, by itself, amount to purposeful conduct."); *Davlyn Mfg. Co. v. H&M Auto Parts, Inc.*, 414 F. Supp. 2d 523, 531 (E.D. Pa. 2005) ("[A] defendant does not 'purposefully direct' his activities at a forum state merely by selling a component part to a nationwide distributor of home appliances with the awareness that appliances containing the defendant's product may ultimately be sold in the forum state.").

advertising in, or directed toward, Texas.  *Id*.  Moreover, it does not have any employees or agents in Texas; and it does now own, lease, or operate any offices or other facilities in Texas. *Id*.

For the same reasons discussed above, American Patents has not shown and cannot show that its claims arise out of or relate to Broadcom Singapore's activities within the forum.  As demonstrated by the Phillips Declaration, Broadcom Singapore has not committed any acts within or directed toward the State of Texas.  Thus, American Patents' claims cannot arise out of Broadcom Singapore's activities within the forum, and there is no specific jurisdiction over Broadcom Singapore.

### b. Broadcom Inc.'s, Broadcom Corp.'s, and CA's Actions in the United States and Texas Cannot Be Imputed to Broadcom Singapore

As mentioned previously in the context of venue, American Patents tries to blur the lines between the three Broadcom Defendants and the related but separate corporate entity, CA, which has a facility in Plano.  As explained above, however, it does not allege any *uncontroverted facts* that would be remotely sufficient to impute any other entities' actions in the United States or Texas to Broadcom Singapore, under an "alter ego" theory or otherwise.

### c. It Would Offend Traditional Notions of Fair Play and Substantial Justice to Subject Broadcom Singapore to Personal Jurisdiction in Texas

Independently, the exercise of jurisdiction over Broadcom Singapore would be unreasonable and run afoul of the limits set by the Constitution.  This is especially important because the exercise of jurisdiction would be over a non-U.S. corporation with no contacts in this forum.  *See Asahi*, 480 U.S. at 115.

The evaluation of the "reasonableness" of exercising jurisdiction depends on several factors: (1) "the burden on the defendant"; (2) "the forum State's interest in adjudicating the

dispute"; (3) "the plaintiff's interest in obtaining convenient and effective relief"; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies." *Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc*., 603 F.3d 1364, 1369 (Fed. Cir. 2010) (quoting Burger King, 471 U.S. at 476-77).

First, the burden of requiring Broadcom Singapore to litigate in Texas would be severe and unreasonable.  It does not conduct business in Texas, and maintains its principal place of business thousands of miles away in Singapore.   Yet, it would be forced to litigate in a venue distant from its home when there was absolutely no reason for it to have "foreseen" that it would be haled into court in Texas.  *See Burger King*, 471 U.S. at 474.  Further, the Supreme Court has cautioned that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field" and that "the unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching a long-arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114-15.

Second, the only interest Texas has in this action is that American Patents purportedly resides in Texas.  But on information and belief, American Patents was formed when it acquired the patents, and it exists primarily or solely to litigate.  There is no evidence that American Patents conducts any business here.  Instead, by all appearances, it is simply attempting to force foreign corporations to a distant court to assert patent rights under which it apparently does not make any products.  In the related context of venue, the Federal Circuit has repeatedly held that when, as here, a plaintiff's incorporation, office, and documents in Texas "were recent, ephemeral, and a construct for litigation," they are entitled to no weight.  *In re Samsung Elecs.*

*Co.*, Ltd., 2 F.4th at 1378 (directing transfer on mandamus).  So too here in the context of jurisdiction.  Texas has no legitimate interest in this case, and the formation of American Patents in Texas is merely "a fiction which appears to have been created to manipulate the propriety of venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (directing transfer on mandamus).

Third, fourth, and fifth, there is no efficiency to be gained or interests to be served by exercising jurisdiction over Broadcom Singapore, a foreign corporation that conducts no business in Texas.  *See* Phillips Decl.  American Patents has no viable claim against Broadcom Singapore and therefore will be unable to obtain any judgment against it.  Finally, there are no fundamental substantive social policies to be served by requiring a foreign corporation with no contacts in the state to litigate thousands of miles from home.

### d.  Federal Rule of Civil Procedure 4(k)(2) Does Not Establish Jurisdiction Over Broadcom Singapore

The "federal long-arm statute" does not suspend the Constitution.  Indeed, by its own terms it applies only when, *inter alia*, "exercising jurisdiction is consistent with the United States Constitution and laws."   Fed. R. Civ. P. 4(k)(2)(B).  As shown above, the Constitution does not allow this Court to exercise jurisdiction over Broadcom Singapore, a foreign investment holding company that has no connection with the United States and no role in the alleged conduct giving rise to this suit.

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the case be dismissed for improper venue (as to all Defendants) and lack of personal jurisdiction (as to Broadcom Singapore).

DATED:  August 15, 2022

Respectfully submitted:

**KILPATRICK, TOWNSEND & STOCKTON LLP**

By: */s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Russell A. Korn (EDTX member)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Ste. 2800
Atlanta, GA 30309
rkorn@kilpatricktownsend.com
Telephone: (214) 922-7100
Facsimile: (214) 922-7101

Edward J. Mayle (EDTX member)
KILPATRICK TOWNSEND & STOCKTON LLP
1400 Wewatta St., Ste. 600
Denver, CO 80202
tmayle@kilpatricktownsend.com
Telephone: (303) 571-4000
Facsimile: (303) 571-4321

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on August 15, 2022, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

*/s/ Melissa R. Smith*

20555022V.2

17